**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



|  |  |
|---|---|
| JACKIE ROBINSON, | No. 10-56117 |
| Plaintiff - Appellant, | |
| | D.C. No. 3:09-cv-00346-IEG |
| v. | |
| STEPHEN MAYBERG, et al., | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Chief District Judge, Presiding

Submitted September 27, 2011[**]

Before:     SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

Jackie Robinson appeals from the district court's judgment denying his

28 U.S.C. § 2254 habeas petition.  We have jurisdiction under 28 U.S.C. § 2253,

and we affirm.

Robinson was involuntarily committed to the custody of the Department of

Mental Health in December 2006 under California's Sexually Violent Predators

Act ("SVPA"), Welfare and Institutions Code § 6600 et seq.  He contends that

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application of the version of the SVPA in effect at the time of his retrial, rather than the version in effect at the time of his first trial, which resulted in a deadlocked jury, violated his due process rights. The state court's decision denying this claim was neither contrary to nor based upon an unreasonable application of clearly established federal law, including *Kansas v. Hendricks*, 521 U.S. 346, 370-71 (1997). *See* 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 409-10 (2000).

Robinson next contends that the SVPA violates due process by providing for an indeterminate term of commitment that Robinson can terminate only by proving that he is no longer a sexually violent predator. Given the Supreme Court's reservation of the issue of the constitutional adequacy of procedures for release that place the burden of proof on the person challenging an indefinite commitment, *see Jones v. United States*, 463 U.S. 354, 362, 363 n.11 (1983), the state court's rejection of this claim was neither contrary to, nor based upon an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1); *Williams*, 529 U.S. at 409-10; *Alberni v. McDaniel*, 458 F.3d 860, 865-66 (9th Cir. 2006).

Robinson also contends that the SVPA violates his equal protection rights because other civil commitment schemes, such as that governing mentally disordered offenders, provide for periodic judicial review of a commitment in

proceedings in which the state bears the burden of proof. This claim fails because the state could reasonably have concluded that the unique danger posed by sexually violent predators warrants placing the burden on them to establish their suitability for release. *See* 28 U.S.C. § 2254(d)(1); *Williams*, 529 U.S. at 409-10; *Hubbart v. Knapp*, 379 F.3d 773, 781 (9th Cir. 2004) (Supreme Court has not addressed level of scrutiny applicable to equal protection challenges to civil commitment schemes); *Heller v. Doe*, 509 U.S. 312, 320-21 (1993) (under rational basis review, classifications must be upheld "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification") (internal quotations and citation omitted).

We construe Robinson's additional arguments as a renewal of his motion to expand the certificate of appealability. So construed, the motion is denied. *See* 9th Cir. R. 22-1(e); *see also Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam). Robinson's request for judicial notice of the California Supreme Court's decision in *People v. McKee*, 47 Cal. 4th 1172 (Cal. 2010) is denied as unnecessary.

**AFFIRMED.**

10-56117